**Ingrid Jno CHARLES, Plaintiff–Appellant,**

v.

**Daisy CHAPLIN, Defendant–Appellee,**

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**A Choice Nanny, Defendant.***

**No. 08–4445–cv.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2009.

Ingrid Jno Charles, New York, NY, pro se.

Steven A. Rosen, New York, NY, for Defendant–Appellee.

PRESENT: JOSÉ A. CABRANES, B.D. PARKER, Circuit Judges, CAROL BAGLEY AMON, District Judge.**

** The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Ingrid Jno Charles, *pro se*, appeals from a judgment of the District Court entered after the District Court granted summary judgment to defendant-appellee Daisy Chaplin[1] on Charles's Title VII claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). We resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

Chaplin claims that she employs fewer than fifteen employees and, as a result, is not an "employer" covered by Title VII. *See* 42 U.S.C. § 2000e(b) (defining "employer" as any person "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Charles has been unable to submit evidence in opposition to that claim. Accordingly, the District Court correctly found that no genuine issue of fact existed as to whether Chaplin was an "employer" for purposes of Title VII, and the District Court properly granted summary judgment in Chaplin's favor.

We have considered Charles's remaining arguments on appeal and find them to be without merit.

1. Defendant-appellant Daisy Chaplin was originally identified by Charles as "Daisy Prince."

## CONCLUSION

For the foregoing reasons, the August 22, 2008 judgment of the District Court is **AFFIRMED.**